FILED

2011 AUG 24  AM 9: 29

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

KOLJA VRANISKOSKA,

    Plaintiff,

          Cause No. **2 11 CV 308**

V.

FRANCISCAN COMMUNITIES, INC.

    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

    1.    Plaintiff, Kolja Vraniskoska ("Vraniskoska"), brings this action against Defendant, Franciscan Communities, Inc. ("Defendant"), for unlawfully violating her rights as protected by the Americans with Disabilities Act ("ADA") 42 U.S.C. § 2601 *et seq.* and alleges and says:

## PARTIES

    2.    Vraniskoska is a citizen of the United States who resides in and at all times relevant to this Complaint was employed within the Northern District of Indiana.

    3.    Defendant is a corporation that maintains facilities and conducts business within the Northern District of Indiana.

    4.    Defendant at all relevant times engaged in the business of providing hospital and/or assisted living and/or nursing home care within the Northern District of Indiana.

## JURISDICTION AND VENUE

    5.    Jurisdiction is conferred on this Court by 42 U.S.C. § 12117 and 28 U.S.C. § 1331.

    6.    Defendant is an "employer" within the meaning of 42 U.S.C. § 2111(5)W and at all times relevant to this action Defendant was an "employer" of Vraniskoska as defined in the ADA, as amended.

7. Vraniskoska was an "employee" within the meaning of 42 U.S.C. § 12111(4) and at all times relevant to this action she was an "employee" of Defendant as that term is defined in the ADA, as amended.

8. Vraniskoska is a qualified individual with a disability, has a record of a disability, and/or was perceived by Defendant to be disabled.

9. Vraniskoska satisfied her obligations to exhaust her administrative remedies, having timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Vraniskoska received her "Dismissal and Notice of Rights," as reflected on "Exhibit 1," and now brings her action within ninety (90) days of her receipt thereof.

10. All occurrences, events, and transactions concerning this matter took place within the geographical boundaries of the Northern District of Indiana, and venue is, therefore, proper in this Court.

## FACTUAL ALLEGATIONS

11. Defendant hired Vraniskoska in or about 2002 and at all relevant times she was employed at its facility commonly known as the St. Anthony Home located in Crown Point, Lake County, Indiana in the Department of Environmental Services, her last position while employed being a Tech II.

12. Vraniskoska was injured while on duty on or about March 26, 2008, which resulted in her becoming and/or having a record of and/or being perceived by the Defendant as being disabled as a result of her injuries.

13. Despite her disability and/or perceived disability, on or about July 1, 2008, Vraniskoska returned to work and was able thereafter to appropriately perform her job functions and meet its requirements.

14. On or about February 12, 2009, Defendant placed Vraniskoska on a 45- day unpaid medical leave and informed her she would have to find another position within the organization in that time period or be terminated.

15. Vraniskoska thereafter protested to the Defendant, indicating that such action and/or any subsequent negative job action would be in violation of applicable law.

16. Vraniskoska's work performance met Defendant's legitimate expectations at all relevant times and at all relevant times Vraniskoska was able to satisfactorily perform her job functions.

17. Rather than addressing with her via an interactive process as to whether a reasonable accommodation, if necessary, could be provided to Vraniskoska to assist her in performing any alleged unmet job requirements related to her disability or perceived disability and/or providing her with legitimate assistance in securing another position in Defendant's organization, Defendant instead terminated her on or about March 30, 2009.

18. Vraniskoska has suffered injury as a result of Defendant's unlawful actions.

## COUNT I

### DISABLITY DISCRIMINATION IN VIOLATION OF THE ADA

19. Vraniskoska herby incorporates by reference paragraphs 1-18 of her Complaint.

20. Vraniskoska suffers from a disability which substantially interferes with her ability to engage in one or more major life activities and/or Defendant perceived her to be disabled.

21. Defendant terminated Vraniskoska because she is disabled, has a record of disability, and/or was perceived by Defendant to be disabled.

22. Defendant did not provide reasonable accommodations to Vraniskoska, if any were deemed necessary, so that she could perform the essential functions of her job nor did Defendant make any attempt to engage in an interactive process related to Vraniskoska's situation.

23. Defendant unlawfully discriminated against Vraniskoska in placing her on unpaid Medical Leave and then terminating Vraniskoska because of her disability or perceived disability all in violation of the ADA, 42 U.S.C. § 2601 *et seq.*, as amended.

24. Defendant's unlawful actions were intentional, willful, wanton and taken in reckless disregard of Vraniskoska's rights as protected by applicable law.

25. Vraniskoska has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT II

## ADA RETALIATION

26. Vraniskoska herby incorporates by reference paragraphs 1-25 of her Complaint.

27. Vraniskoska openly objected to treatment and actions taken against her which she believed to be unlawful under relevant statutes, including the ADA, 42 U.S.C. § 2601 *et seq.*, as amended, which prohibits disability discrimination, thereby engaging in protected activity under applicable law.

28. Defendant thereafter retaliated against Vraniskoska by terminating her employment.

29. Defendant's retaliatory actions were willful, intentional, wanton and done with reckless disregard of Vraniskoska's rights as protected by applicable law.

30. Vraniskoska has suffered and continues to suffer harm as a result of Defendant's actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Kolja Vraniskoska, prays that this Court find for her and judgment be entered as to the following requests:

1. Vraniskoska seeks reinstatement to the position she would have held, but for Defendant's actions, or front pay in lieu thereof;

2. Vraniskoska seeks lost wages, back pay, benefits and all other economic benefits in an amount that will make her whole for all of the damages she has suffered as a result of Defendant's unlawful actions;

3. Vraniskoska seeks liquidated damages, as allowed by law, for Defendant's violations of applicable law;

4. Vraniskoska seeks a declaration of her rights under the ADA compelling compliance with the ADA.

5. Vraniskoska seeks any compensatory or punitive damages to which

she may be entitled under applicable law.

6.  Vraniskoska seeks payment of pre-judgment and post-judgment interest on all sums recoverable;

7.  Vraniskoska seeks payment of her reasonable attorney fees and costs associated with this cause of action; and

8.  Vraniskoska seeks any and all other legal and/or equitable relief, including any prospective injunctive relief, to which she is entitled.

Respectfully submitted,

R. Lawrence Steele, Atty. No. 456-45
HODGES & DAVIS, P.C.
8700 Broadway
Merrillville, IN  46410
(219) 641-8700

Alexander Kutanovski, Atty. No. 27213-45
KUTANOVSKI LAW OFFICES
1504 North Main Street
Crown Point, IN  46307
(219) 663-8480

### DEMAND FOR JURY TRIAL

Plaintiff, Kolja Vraniskoska, by counsel, respectfully requests a jury trial for all issues deemed triable to a jury.

Respectfully submitted,

R. Lawrence Steele, Atty. No. 456-45
HODGES & DAVIS, P.C.
8700 Broadway
Merrillville, IN  46410
(219) 641-8700

Alexander Kutanovski, Atty. No. 27213-45
KUTANOVSKI LAW OFFICES
1504 North Main Street
Crown Point, IN  46307
(219) 663-8480

76016.2/
17,540

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| **To:** Kolja Vraniskoska<br>13172 County Line Road<br>Crown Point, IN 46307 | **From:** Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2010-00101 | Philip E. Moore,<br>Enforcement Supervisor | (317) 226-7273 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*
Webster N. Smith,
District Director

MAY 2 6 2011
*(Date Mailed)*

Enclosures(s)

cc:  Rachel Yarch
Kopon Airdo LLC
233 South Wacker Drive
Suite 4450
Chicago, IL 60606

R. Lawrence Steele
Hodges & Davis
8700 Broadway
Merrillville, IN 46410

**Exhibit 1**